**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM VICTOR,** | : | **No. 3:26-CV-1096** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **HARRY, *et al.*,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Plaintiff William Victor initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging that numerous prison officials and medical providers infringed his constitutional rights. Upon review of the complaint as mandated under 28 U.S.C. § 1915A(a), the court finds that many claims and defendants are improperly joined. Victor, therefore, will be given the option of voluntary dismissal or severance of the improperly joined claims.

## I. BACKGROUND

Victor originally filed this lawsuit in December 2024 in the United States District Court for the Eastern District of Pennsylvania. (See generally Doc. 1). The Eastern District stayed the case on January 9, 2025, pursuant to the automatic stay in the Chapter 11 bankruptcy case for Wellpath Holdings, Inc.

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

(See Doc. 4); In Re Wellpath Holdings, Inc., No. 4:24-bk-90533 (Bankr. S.D. Tex.). That automatic stay was lifted on May 30, 2025. (See Doc. 9). For reasons unknown, the Eastern District did not take any substantive action on Victor's case until February 12, 2026, when it ordered the case transferred to this district via 28 U.S.C. § 1404(a) and the "first-filed rule," noting that Victor had previously lodged a similar lawsuit in the Middle District of Pennsylvania that had been dismissed for failure to pay the filing fee. (See Doc. 22 at 1 & n.1 (citing Victor v. Sec'y Harry, No. 3:24-cv-0781, Doc. 1 (M.D. Pa. May 9, 2024))). Again for reasons unknown, that transfer was not executed by the Eastern District until more than two months later, on April 27, 2026. (See Doc. 23). Victor's *pro se* Section 1983 complaint is now before this court for screening as required by 28 U.S.C. § 1915A(a).

Victor's 37-page complaint is overly lengthy and difficult to follow. He appears to be attempting to file a "shotgun" or "kitchen-sink" pleading, where he sues numerous defendants for multiple different constitutional violations. (See generally Doc. 1); Pelphrey-Weigand v. Res. for Human Dev., Inc., 818 F. Supp. 3d 685, 693-95 (E.D. Pa. 2026). In point of fact, Victor names a staggering *twenty-nine* defendants: Secretary Harry, Secretary Bickell, Secretary Wenorwicz, Superintendent Gourley, Deputy Superintendent Nicklow, Superintendent Terra, Deputy Superintendent Wynder, Deputy Superintendent

Hensley, Medical Director Letizio, CHCA Huner, CCTM Newsome, Psychologist Eckstein, Psychologist Oakley, Director of Psychology Malishchak, Unit Manager Miller, CHCA Beck, Dr. Voorstad, RNS Trostle, LPM Plotica, Deputy Superintendent Evans, Deputy Superintendent McClelland, Kershaw, Medical Director Cattell, Physical Therapist Nick, Major Benner, Captain Bishop, Lt. Mihal, CCPM Ritchie, and Sgt. Timpe. (See id. at 3-4, 7). He additionally includes 113 pages of exhibits. (Doc. 1-1). His disparate claims allege retaliation, deficient medical care, sexual abuse, violation of prison policy, misappropriation or theft, and unlawful conditions of confinement. Many of Victor's claims are improperly joined in a single lawsuit, so voluntary dismissal or severance is required.

## II. DISCUSSION

The court has painstakingly reviewed Victor's 37-page, handwritten complaint—a time-consuming and laborious process. As best as the court can discern, he is attempting to assert the following Section 1983 claims: (1) First Amendment retaliation related to his transfer from SCI Phoenix to SCI Camp Hill, (Doc. 1 ¶¶ 13, 34-40, 62-63); (2) First Amendment retaliation related to receiving falsified misconducts after reporting abuse, (id. ¶¶ 66-73, 74-79, 83); (3) Eighth Amendment deliberate indifference to serious medical needs involving front cuffing, physical therapy, arch supports, and mental health care, (id. ¶¶ 1-10, 12,

15-20, 21-27, 28, 41-55, 61-62); (4) Eighth Amendment conditions of confinement related to his lengthy placement on Restricted Release List (RRL) and associated solitary confinement, (id. ¶¶ 11, 14, 29-33, 56, 92-93); (5) Eighth Amendment conditions of confinement related to the conditions in the "Intensive Management Unit" (IMU) at SCI Camp Hill, (id. ¶¶ 38, 88-91); (6) Eighth Amendment sexual abuse, (id. ¶ 53); (7) an unspecified allegation of misappropriation or theft of funds meant for treatment of prisoners held in the IMU, (id. ¶ 51); and (8) violations of Pennsylvania Department of Corrections (DOC) policy involving unspecified acts by corrections officers of violence, racism, deprivation of food and water, intimidation, and using tobacco and drugs, (id. ¶ 87).

These myriad claims target numerous different defendants. As noted above, Victor attempts to sue twenty-nine state officials in the same lawsuit, from the Secretary of the DOC to low-level corrections officers, as well as various doctors, nurses, medical staff, and healthcare administrators. While there is some overlap with the defendants targeted (*e.g.*, Victor includes general allegations against Harry in many of his claims), when the allegations are examined through the required filters of plausibility and personal involvement, each Section 1983 claim involves only a few specific defendants.

For example, Victor states, in conclusory fashion that "Harry, Bickell, Wenorwicz, Terra, Wynder, Hensley, Huner, and Letizio . . . began a conspiracy with each other and several others" to obstruct Victor's access to medical treatment by "ordering a retaliatory transfer from SCI Phoenix . . . to SCI Camp Hill." (Doc. 1 ¶¶ 1-2). But Victor does not plausibly allege facts supporting a conspiracy between, or personal involvement for, many of the defendants in the transfer. Victor does include some allegations regarding Dr. Voorstad improperly denying an order for front cuffing due to Victor's preexisting medical issues, (see id. ¶¶ 8-10), but those averments would implicate a different Section 1983 claim (deliberate indifference to serious medical needs).

As another example, Victor appears to contend that multiple "Defendants" conspired to keep him from receiving physical therapy three times a week as ordered by a neurosurgeon. (Id. ¶ 16). However, he only alleges personal involvement by Physical Therapist Nick. (Id. ¶¶ 16-18). Despite naming "Harry, Bickell, Wenorwicz, Terra, Hensley, Wynder, Huner, Letizio, Beck, Cattell, Voorstad, Trostle, Nicklow, Evans, Nick, Miller, Kershaw, Newsome, [and] Gourley" in purely conclusory fashion, no unlawful conduct by these officials is alleged with respect to this medical indifference claim.

This pattern repeats throughout Victor's overlong and prolix complaint. Victor will set forth a long list of officials, (see, e.g., id. ¶¶ 6, 19, 21, 28, 39, 47,

66), and then fail to delineate the purportedly unconstitutional action or inaction of each official. But that is improper pleading for Section 1983 claims, as personal involvement is a prerequisite to liability. See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020). Victor's cursory and conclusory assertions of "conspiracy" do not fix this problem. While he appears to believe that every perceived wrong against him was intentionally undertaken as part of some grand conspiracy between twenty-nine separate actors, he does not provide any plausible facts to support or substantiate his conspiracy allegations.

Thus, the overarching problem with Victor's complaint, at least at this early stage of the litigation, is that he is attempting to join multiple unrelated claims against numerous different defendants in violation of Federal Rule of Civil Procedure 20. These unrelated claims against different defendants, moreover, do not have a basis for permissive joinder. See FED. R. CIV. P. 20(a)(2) (discussing requirements for permissive joinder of defendants).

Instead, Victor's case actually contains six separate lawsuits: (1) First Amendment retaliation intertwined with Eighth Amendment deliberate indifference to serious medical needs (*i.e.*, an alleged retaliatory transfer resulting in the withholding or denial of prescribed medical treatment, along with related deliberate indifference to serious medical needs stemming from that transfer, which are part of the "same series of transactions or occurrences" under

Rule 20(a)(2)(A)); (2) Eighth Amendment conditions of confinement (regarding being kept on RRL and in isolation for many years and the purported living conditions in the IMU); (3) Eighth Amendment sexual abuse (involving alleged solicitation of Victor to expose his genitals); (4) First Amendment retaliation by charging Victor with false misconducts for reporting abuse through the PREA system; (5) misappropriation or theft of public funds by prison officials; and (6) unspecified violations of DOC policy (involving violence, racism, intimidation, tobacco and drug use, *etc.*, by unnamed corrections officers).

Victor, of course, is free to file *separate* lawsuits based on these unrelated Section 1983 allegations, although the court notes that he would be required to pay the filing fee for each separate case. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (explaining that "[u]nrelated claims against different defendants belong in different suits" not only to prevent confusion but also to ensure that prisoners pay the required filing fees under the PLRA); Redding v. Bilinski, No. 3:15-cv-1047, 2015 WL 3710842, at *1-2 (M.D. Pa. June 12, 2015) (same). He may not bring them together in one omnibus lawsuit. See George, 507 F.3d at 607.

Accordingly, the court will give Victor the following options. He can (1) go forward with his First Amendment retaliation and related Eighth Amendment medical indifference claims—involving his transfer to SCI Camp Hill and alleged

medical mistreatment—and voluntarily dismiss (with or without prejudice) his other improperly joined claims from this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i); (2) request severance of this action into SIX separate lawsuits pursuant to Federal Rule of Civil Procedure 21; or (3) some combination of the foregoing two options (for example, voluntarily dismissing all improperly joined claims except his Eighth Amendment conditions-of-confinement claims and requesting severance into a separate action of those conditions-of-confinement claims only).

Victor is admonished that if he requests complete or partial severance, he will be responsible for paying the full $405 filing fee for each severed case pursuant to the Prison Litigation Reform Act (PLRA). See George, 507 F.3d at 607; Redding, No. 3:15-cv-1047, 2015 WL 3710842, at *1-2; Victor, No. 3:24-cv-0781, Docs. 9, 10 (M.D. Pa. June 28, 2024) (finding that Victor has three strikes under 28 U.S.C. § 1915(g) and therefore he cannot proceed *in forma pauperis* without establishing imminent danger of serious physical injury).

Victor is further advised that each remaining Section 1983 case will be screened by the court pursuant to the mandatory screening requirements of 28 U.S.C. § 1915A(a), which could result in dismissal of some or all the claims for failure to state a claim upon which relief may be granted. See 28 U.S.C. §

1915A(b)(1). Accordingly, Victor should carefully consider his options and their ramifications before submitting his response.

## III. CONCLUSION

Victor's sprawling, shotgun complaint, which raises multiple Section 1983 claims and sues twenty-nine different defendants, plainly violates Federal Rule of Civil Procedure 20(a)(2). Therefore, the court will provide Victor with the choice of voluntary dismissal or severance of the improperly joined claims in this case, as more fully set forth herein. An appropriate order follows.

**Date:** 10/22/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**